CLERK'S OFFICE U.S. DISTRICT COURT
AT ROANOKE VA. - FILED

JUL 24 2009

JOHN F. CORCORAN, CLERK
BY: _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MARK A. GRETHEN, | ) | Civil Action No. 7:08-cv-00443 |
|     Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| WESTERN REGIONAL DIRECTOR, | ) | By: Hon. James C. Turk |
|     Respondent. | ) | Senior United States District Judge |

Mark A. Grethen, a Virginia prisoner proceeding pro se, filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. Grethen seeks relief from his convictions for institutional infractions that allegedly affected his classification and allegedly incurred losses of good time credits and money. The respondent filed a motion to dismiss sans brief, and Grethen responded, making the matter ripe for the court's disposition. Upon reviewing the record, the court grants the motion to dismiss and dismisses Grethen's petition for a writ of habeas corpus.

I.

Grethen's claims stem from a series of institutional charges for which the Institutional Hearing Officer ("IHO"), the prison employee who determines an inmates culpability for violating prison rules, determined Grethen guilty and imposed several sanctions. The charges and resulting penalties were "false charges against an employee (121)" and resulting penalty of thirty days isolation and loss of six months good time credit; "approaching in an intimidating matter (129)" with resulting penalty of thirty days isolation and loss of six months good time credit; "delaying an employee in their duties (205)" with resulting penalty of a $7.00 fine; and "disobeying an order (201)" with resulting $7.00 fine. (Pet. 1.) The hearing for charges 121 and 129 occurred in April 2005, and the hearing for charges 205 and 201 occurred in July and August 2007, respectively. (Id. 13.)

Grethen exhausted his present claims by appealing the IHO decisions to various Virginia Department of Corrections ("VDOC") administrators and to the Supreme Court of Virginia. The Supreme Court of Virginia dismissed his petition for a writ of habeas corpus as frivolous. Grethen filed his federal petition for a writ of habeas corpus in July 2008, presenting the same claims that he presented to the Supreme Court of Virginia:

1.) Factual errors written on the offense report violated due process (Pet. 19.);
2.) Procedural errors in serving and adjudicating the offense report violated due process (Id. 20);
3.) The DHO guilty finding violated due process because he relied on an offense report that violated due process (Id. 22);
4.) The Regional Director's affirmance of the warden's appellate review violated due process (Id. 23);
5.) The Regional Director convicted Grethen of an Ex Post Facto disciplinary operating procedure (Id. 25);
6.) Various defects rendered his guilty pleas involuntary and unknowing (Id. 28);
7.) The Officer-in-Charge ("OIC") failed to perform his mandatory duties (Pet. 29);
8.) The officer who served the charged failed to perform his mandatory duties (Id. 30);
9.) The IHO violated due process by convicting Grethen despite the aforementioned errors (Id. 32);
10.) The warden did not execute his mandatory duties in his response to Grethen's appeal (Id. 36);
11.) The Regional Director did not execute his mandatory duties in his response to Grethen's appeal Id. 37);
12.) The warden erroneously dismissed Grethen's other appeal (Pet. 39);
13.) Grethen's requests for documentary evidence and witness requests forms were denied as irrelevant (Id. 40);
14.) The OIC failed to perform his duties between 5:11 p.m. and 5:15 p.m. (Pet. 41);
15.) Back dating the warden's appeal response violated due process (Pet. 41); and
16.) Grethen has not consistently received a timely, thorough calculation of his good time credit balance (Id. 46).

II.

Federal courts grant habeas relief "only on the ground that [the petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A

2

federal court may not grant habeas relief for unexhausted claims that were not presented to the highest state court. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). After a state court addressed the merits of a claim also raised in a federal habeas petition, a federal court may not grant the petition unless the state court's adjudications of a claim is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d).

The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of federal law is based on an independent review of each standard. Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination is "contrary to" federal law if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 413. The court may also issue the writ under the "unreasonable application" clause if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. This reasonableness standard is an objective one. Id. at 410. A federal court reviewing a habeas petition "presume[s] the [state] court's factual findings to be sound unless [petitioner] rebuts 'the presumption of correctness by clear and convincing evidence.'" Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (quoting 28 U.S.C. 2254(e)(1)). See, e.g., Lenz v. Washington, 444 F.3d 295, 300-01 (4th Cir. 2006).

Grethen recognizes that his first through twelfth claims are "not of the nature worthy of habeas relief, as they do not directly [a]ffect the length of [Grethen]'s overall incarceration."

3

(Pet. 3.) A habeas corpus petition is the correct method for a prisoner to challenge "the very fact or duration of his confinement" where "the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment." Preiser v. Rodriguez, 411 U.S. 475, 489 (1973). In contrast, a civil rights action is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499. If a successful conditions of confinement challenge would not necessarily shorten a prisoner's sentence, then a civil rights action is the appropriate vehicle. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

The imposed penalties for violations 201 and 205, encompassing Grethen's first eleven claims, were two $7.00 fines. The imposed penalty for Grethen's twelfth claim was a couple of days of isolated custody. None of these penalties fall within the scope of habeas review because they do not affect the length of his custody.

In claim thirteen, Grethen complains about a February 16, 2008, disciplinary hearing regarding citations that were dismissed. Grethen alleges that the citation "was written due to [Grethen]'s refus[al] to move from C-232 to C-302-1 . . . on the Sabbath, which would have required a violation of the Fourth Commandment." (Pet. 40.) The DHO dismissed the charge because the time Grethen allegedly committed the offense, the time the reporting officer filed the report, and the time the officer-in-charge approved the report were all the same. (Pet. 40.) Grethen subsequently sought discovery related to the dismissed charges, but the officer-in-charge dismissed the requests as irrelevant because the disciplinary charge was already dismissed. (Pet. 40.) Grethen now complains about the officers' conduct, despite the charge being dismissed. However, Grethen suffered no injury cognizable in a § 2254 action because the charges were

4

dismissed. See 28 U.S.C. § 2254(a).

In claim sixteen, Grethen complains that his good time credit calculation has not been satisfactorily explained to him. (Pet. 46.) Grethen requests the court to reverse any taking of good time credit because grievance responses from the warden were backdated and nobody gave Grethen any consistent or thorough calculations of his earned sentence credit. (Id.) Grethen claims that his good time credit loss rate equaled 4.5 days per month but that he did not earn any credit at that time. (Id.) Grethen also complains that his "legal update sheet"[1] was created on January 22, 2007, but the Western Region Ombudsman Office stamped the document received on March 9, 2005. (Id.) However, none of these arguments presents any constitutional claim cognizable on habeas review because the claims do not seek a determination that Grethen is entitled to a speedier release from custody. Therefore, claims one through thirteen and claim sixteen are dismissed without prejudice as incognizable in a § 2254 action.

Grethen admits that his remaining claims, fourteen and fifteen, are untimely. These two claims relate to the April 2005 hearing for his 121 disciplinary charge at Keen Mountain Correctional Center ("KMCC"). Grethen is correct; claims fourteen and fifteen are beyond the one-year statute of limitations for § 2254 petitions. (Id. 41, 44.) See 28 U.S.C. § 2244(d). However, Grethen argues that claim fourteen could be considered timely based on his return to KMCC in June 2007 because it was only upon his return that he could identify inmate-witnesses

---

[1] Grethen's "legal update sheet" (Pet. 56) reports his imposed sentence, classification level, and projected release date. The sheet states, "Loss of earned good time, a change in good time earning level, or any other event that impacts the service of the total sentence may cause the projected dates to change." (Pet. 56.)

5

by their given names instead of nicknames.[2]

Section 2244(d) provides in pertinent part that a habeas petitioner has one year to file a habeas petition from the latest of the date the judgment complained of became final, the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action, or the date on which the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(B), (D). Grethen recognizes that he knew the factual predicates of his claim at the time of the 2005 hearing but argues that he only gained access to the witnesses' legal names upon his return to KMCC in 2007. However, supporting evidence from fellow prisoners does not form the basis of his claim. Grethen was able to articulate the facts surrounding his claim at the time of the hearing without the witnesses' legal names, and, thus, the statute of limitations did not being in 2007. Furthermore, Grethen's placement in the special housing unit does not by itself create an unconstitutional impediment because security classifications and segregation do not impose an atypical and significant hardship in relation to the ordinary incidents of prison life. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Beverati v. Smith, 120 F.3d 500, 504 (4th Cir. 1997). Furthermore, a prisoner does not have a due process interest in his placement at a particular prison, and the Constitution does not "guarantee that the convicted prisoner will be placed in any particular prison." Meachum v. Fano, 427 U.S. 215, 224 (1976).

---

[2]Grethen alleges that he was unable to call these witnesses to his defense at the IHO hearing because he only knew their nicknames, not their legal names. The staff allegedly refused to permit the witnesses because Grethen could not provide the inmates' legal names. After Grethen was convicted, he was transferred out of KMCC and did not return to KMCC until 2007.

Therefore, the statute of limitations ran from the date of the institutional conviction because the state did not create an unconstitutional impediment and Grethen knew the factual basis of the claims in 2005. Accordingly, claims fourteen and fifteen are time barred.

The Supreme Court of Virginia's rejection of Grethen's claims as frivolous was an adjudication on the merits. See Bell v. Jarvis, 236 F.3d 149, 163 (4th Cir. 2000) (holding that Virginia Supreme Court's summary dismissal of case constituted an adjudication on the merits); Parker v. Angelone, 959 F. Supp. 319, 320 (E.D. Va. 1997) (holding that a decision by a state court summarily dismissing a petitioner's claim as 'frivolous' is an adjudication on the merits within the meaning of § 2254(d) and entitled to full review on the merits). See also Harris v. Stovall, 212 F.3d 940, 943 n.1 (6th Cir. 2000) ("Where a state court decides a constitutional issue by form order or without extended discussion, a [federal] habeas court should then focus on the result of the state court's decision, applying the standard articulated" by the AEDPA). Grethen does not establish by clear and convincing evidence that the Supreme Court of Virginia incorrectly resolved the facts of the claims. Upon reviewing the record, the court finds that the Supreme Court of Virginia's review of Grethen's habeas claims were not contrary to or an unreasonable application of federal law. Accordingly, the court grants the respondent's motion to dismiss.

### III.

For the foregoing reasons, the court grants the respondent's motion to dismiss and dismisses petitioner's petition for a writ of habeas corpus.

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to petitioner and counsel of record for the respondent.

7

**ENTER**: This 24th day of July, 2009.

/s/ James C. Turk
Senior United States District Judge